UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ADIL KHALIL,                                          :
                                                      :
                          Plaintiff,                  :
                                                      :          ORDER
            -against-                                 :          17-CV-2652 (JFB) (SIL)
                                                      :
UNITED STATES OF AMERICA, FOUR                        :
UNKNOWN FEDERAL AGENTS, UNITED                        :
STATES AIR FORCE GENERAL COUNCIL [sic] :
JOSEPH M. MCDADE, JR., UNITED STATES                  :
AIR FORCE GENERAL COUNCIL [sic]                       :
UNKNOWN FEDERAL AGENT UNITED                          :
STATES AIR FORCE ATTORNEY GENERAL,                    :
UNITED STATES AIR FORCE UNKNOWN                       :
FEDERAL AGENT, UNITED STATES                          :
AIR FORCE INSPECTOR GENERAL, and                      :
FEDERAL AGENT NATALIE P. BECERRA,                     :
                                                      :
                          Defendants.                 :
-----------------------------------------------------------X
ADIL KHALIL,                                          :
                                                      :
                          Plaintiff,                  :
                                                      :
            -against-                                 :          17-CV-5458 (JFB) (SIL)
                                                      :
GOVERNOR ANDREW M. CUOMO, ANN M.                      :
SULLIVAN, Commissioner, NYS Office of                 :
Mental Health; NEW YORK STATE TROOPER                 :
JOHN DOES 1-3, the STATE OF NEW YORK,                 :
                                                      :
                          Defendants.                 :
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★     JAN 12 2018     ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On June 2, 2017, *pro se* plaintiff Adil Khalil ("plaintiff") filed a complaint against the

United States Air Force and the Federal Bureau of Investigations ("defendants") as well as an

application to proceed *in forma pauperis*.   *Khalil v. United States Air Force*, 17-cv-2652

(E.D.N.Y. June 2, 2017) ("*Khalil I*"), Dkt. Nos. 1, 2.   On July 17, 2017, plaintiff moved to transfer

1

the action to the United States Court of Federal Claims (*id.* Dkt. No. 6), where plaintiff had filed a related action on July 13, 2017, *Khalil v. United States of America*, 17-cv-0962 (Fed. Cl. July 13, 2017). On August 1, 2017, defendants requested that the Court dismiss the complaint on subject matter jurisdiction grounds. (*See Khalil I*, Dkt. No. 7.) However, because 28 U.S.C. § 1292(d)(4), which governs the transfer of actions to the Court of Federal Claims, prevents courts from taking any action when a transfer motion is filed until sixty (60) days after that court has ruled upon the motion, the undersigned requested that defendants submit any opposition to the motion to transfer by August 31, 2017. (*See id.* Dkt. No. 8.) On August 19, 2017, before defendants responded to that Order, plaintiff opposed defendants' request for dismissal on subject matter grounds and filed an amended complaint. (*See id.* Dkt. No. 9). The amended complaint names as defendants: the United States of America, four unknown federal agents (John Does 1-4), United States Air Force General Council Joseph M. McDade, Jr., "United States Air Force General Council unknown Federal Agent United States Air Force Attorney General", "United States Air Force unknown Federal Agent", United States Air Force Inspector General, and Federal Agent Natalie P. Becerra ("Becerra" and collectively, "defendants"). By letter dated September 11, 2017, defendants indicated that they did not object to the request to transfer. (*See id.* Dkt. No. 10.) In response, by motion dated September 18, 2017, plaintiff requested that the Court: (1) find defendants in contempt for responding to the Court's Order on September 11, 2017, when their response was due August 31, 2017; and (2) enter default judgment in plaintiff's favor. (*See id.* Dkt. No. 14.)

On August 2, 2017, the Court of Federal Claims issued an Order that: (1) dismissed the complaint, (2) denied plaintiff's motion to transfer that case to this Court (which he filed on the same day he moved to transfer the instant action), and (3) denied plaintiff's motion for leave to

proceed *in forma pauperis. See Khalil v. United States,* No. 17-CV-0962 (Fed. Cl. Aug. 2, 2017),

Dkt. No. 7. Given the dismissal, by Order dated September 27, 2017, the undersigned denied

plaintiff's motion to transfer. (*Khalil I,* Dkt. No. 15.) In addition, in light of 28 U.S.C.

§ 1292(d)(4)'s prohibition on any action in a case in which a motion to transfer to the Court of

Federal Claims is filed until sixty (60) days after the court has ruled upon the motion, the

undersigned stayed all pending motions in the instant action for sixty (60) days. (*Id.*) On

November 28, 2017, defendants renewed their request for a pre-motion conference in order to

establish a briefing schedule for their motion pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction and failure to state a

cause of action. (*Khalil I,* Dkt. 16.) To date, plaintiff has not opposed defendants' request.

In addition, on September 18, 2017, plaintiff filed another *in forma pauperis* complaint.

*Khalil v. Cuomo,* 17-cv-5458 (E.D.N.Y. Sept. 18, 2017) ("*Khalil II*"), Dkt. Nos. 1, 2. *Khalil II* is

against the State of New York, Governor Cuomo, Ann M. Sullivan, Commissioner of the New

York State Office of Mental Health, and three unidentified New York State Troopers, John Does

1-3. For the reasons stated below, plaintiff's motions to proceed *in forma pauperis* are granted;

however, because neither the amended complaint in *Khalil I,* nor the complaint in *Khalil II* alleges

a plausible claim, the complaints are *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

I.     *Khalil I*

Plaintiff's amended complaint is submitted on the Court's complaint form and purports to

allege *Bivens* claims against defendants. (*See Khalil I,* Dkt. No. 9, Compl. ¶ II.) Plaintiff claims

that the defendants have deprived him of his First, Fourth, Fifth, Eighth, Ninth, and Fourteenth

Amendment rights, and have conspired to do so, in connection with their "covert or overt"

3

surveillance of plaintiff's activities on the "world wide web (internet/electronic) and telephone conversation[s]." (*Id.* ¶¶ II.B-D., III.A.) According to the amended complaint, from June 16, 2011 to the present, plaintiff has suffered "a denial of service attack on [his] personal computer" and "the federal government has failed to protect [his] internet rights." (*Id.* ¶ 13.) Plaintiff also complains that the government has violated his rights by "intruding [his] private computer or iPhone and monopolizing or compromising his internet privacy and rights to free expression." (*Id.*) Plaintiff further complains that the government has "allowed a schizophrenic bipolar federal employee [to] violate[] online impersonation laws and cyber stalking laws." (*Id.* ¶ 14.)

Plaintiff alleges that, since his filing of the original complaint in this case on June 2, 2017, "the federal government continues to restrict [his] internet access" and "continues to allow the federal employee female stalker to threaten the plaintiff's mental well-being." (*Id.* ¶ 20.) Plaintiff claims that Becerra is being used by the FBI "as an informant/asset/operative against [him] in an attempted entrapment sting" and, since 2010, the "FBI has monopolized and [taken] total control of [his] computer and internet." (*Id.* ¶ 25). As evidence, plaintiff describes that "frequent Goggle [sic] search results and pop up ads on [his] computer has resulted in [a] surge of conspiracy theorists who, otherwise, without the FBI influence, would be unknown to [plaintiff.]" (*Id.*) Thus, plaintiff claims the "FBI in controlling advertisement and search results in an attempted brainwashing scheme, and is a violation of the plaintiff's fourth amendment right." (*Id.*) Plaintiff also claims that the "FBI was working in conspiracy with the NYPD" to designate plaintiff as a mentally disturbed person and that such conduct has caused plaintiff to suffer a "mental breakdown from internet stalking." (*Id.* ¶¶ 27, 28-29.)

As a result, plaintiff claims to have suffered "mental illness (adjustment disorder), complications and metastasis of an auto-immune disease, loss of employment (adjustment

4

disorder)" and seeks to recover a damages award in total sum of $550,000,000.00. (*Id.* ¶¶ IV-V.)

## II.     *Khalil II*

As noted above, on September 18, 2017, plaintiff filed an additional complaint and application to proceed *in forma pauperis* against the State of New York, Governor Andrew M. Cuomo, Ann M. Sullivan, Commissioner of the New York State Office of Mental Health, and three unidentified New York State Troopers (John Does 1-3). Like *Khalil I*, the complaint in *Khalil II* is difficult to comprehend. Plaintiff appears to complain that, on December 26, 2015 and September 7, 2017, New York State police troopers did not assist him during telephone calls he made to them. (*Khalil II*, Dkt. No. 1, Compl. ¶ 1.) Plaintiff claims he called the police to report internet harassment by "a mentally ill female stalker" he identifies as Becerra, a defendant in *Khalil I*. (*Id.* ¶ 2.) Plaintiff alleges that the State of New York has "inflict[ed] mental illness through a series of continued adjustment disorders[,] [a]nd with the filing of this instant action against the State of New York, progressing to Axis 1 major mental illness which resulted in a complete collapse of my immune system through the auto immune disease and psychological disorder Sarcoidosis." (*Id.*) Plaintiff also complains that the State of New York "has failed to enforce several laws" and cites various sections of the New York Penal Law relating to stalking and harassment. (*Id.* ¶ 4.) Plaintiff further alleges that "[t]he State of New York continues to use me as a scapegoat for their anger and frustration for the terrorist attacks on 911." (*Id.* ¶ 5.) Based on the foregoing, plaintiff claims to have suffered "mental illness (adjustment disorder), complications and metastasis of an auto-immune disease, loss of employment (adjustment disorder). (*Id.* ¶ IV.) For relief, plaintiff seeks damages totaling $13 million. (*Id.* ¶ V.)

5

DISCUSSION

I.      *In Forma Pauperis* Applications

Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

II.     Sufficiency of the Pleadings

A.      Legal Standard

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and to construe them "to raise the strongest arguments that [they] suggest," *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128

6

(2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *abrogated on other grounds by Twombly*, 550 U.S. at 544)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" (quoting *Denton*, 504 U.S. at 32-33)).

B.    Application

As is readily apparent from the amended complaint in *Khalil I* and the complaint in *Khalil II*, plaintiff's claims "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Plaintiff alleges a broad conspiracy involving surveillance of and interference with his life

by the United States and various government actors.[1]  Upon a careful reading of plaintiff's

pleadings, the allegations presented appear wholly incredible and can only be described as the

"product of delusion or fantasy." *Livingston*, 141 F.3d at 437.  Construing plaintiff's pleadings

liberally and raising the strongest arguments they suggest, the Court finds that plaintiff's

allegations rise to the level of irrational and wholly incredible.

In short, having reviewed the amended complaint in *Khalil I* and complaint in *Khalil II*, it is

clear that plaintiff's claims are factually frivolous, "rising to the level of the irrational or wholly

incredible," *Denton*, 504 U.S. at 26, and they are therefore dismissed.  *Mecca v. U.S. Gov't*, 232

F. App'x 66, 677 (2d Cir. 2007) (affirming district court dismissal of complaint that was "replete

with fantastic and delusional scenarios"); *Gonzales v. Wright*, 9:06-CV-1424, 2010 WL 681323, at

* 12 (N.D.N.Y. Feb. 23, 2010) ("As the Second Circuit and New York District Courts have

steadily recognized, it is utterly unjust to haul people into federal court to defend against, and

disprove, delusions.") (collecting cases).  The Court has considered affording plaintiff an

opportunity to amend the complaints, *Foman v. Davis*, 371 U.S. 178, 182 (1962), but declines to

do so because the deficiencies therein could not be cured by amendment.  *O'Hara v. Weeks*

*Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

## CONCLUSION

For the reasons above, plaintiff's *in forma pauperis* applications are granted.  However,

the amended complaint in *Khalil I* and the complaint in *Khalil II* are *sua sponte* dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B).  The Clerk of the Court is directed to mail a copy of this order to the

---

[1] In addition, given that sovereign immunity shields the United States, its agencies, and government officials acting in their official capacity, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and that the Eleventh Amendment precludes suit in this Court against New York State, and against state officials in their official capacities seeking monetary damages, *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007), the Court likely lacks subject matter jurisdiction to adjudicate these claims.  However, because the nature of the claims set forth in plaintiff's submissions is far from clear, the Court declines to determine at this juncture that it lacks subject matter jurisdiction.

plaintiff at his last known address and to close the cases. The Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from

this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the

purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

s/ Joseph F. Bianco

Dated:     January 12, 2018
            Central Islip, New York

Joseph F. Bianco
United States District Judge